436

William J. Morrison, Jr., of Hackensack, N.J. (Albert Hubschman, of New York City, on the brief), for petitioner.

Carlton Fox, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Samuel H. Levy, Sp. Assts. to Atty. Gen., on the brief) for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

PER CURIAM.

The decision of the Board of Tax Appeals is affirmed.

**TEXAS GAS UTILITIES CO., Plaintiff, v. PENNSYLVANIA COMPANY FOR INSURANCES ON LIVES AND GRANTING ANNUITIES and C. Stevenson Newhall, Trustees, Defendants; Sidney E. Smith, Appellant.**

No. 8086.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 5, 1942.

Decided Nov. 12, 1942.

Sidney E. Smith, of Philadephia, Pa., for appellant.

Leo Brewer, of San Antonio, Tex. (Thomas A. McEachern, Jr., of Memphis, Tenn., and Joseph W. Henderson, of Philadelphia, Pa., on the brief), for Texas Gas Utilities Co., appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

PER CURIAM.

The order of the court below is affirmed.

**UNITED STATES of America, Appellee, v. George DE ANGELO, Defendant-Appellant.**

No. 8127.

Circuit Court of Appeals, Third Circuit.

Submitted on Briefs Nov. 18, 1942.

Decided Dec. 7, 1942.

Anthony A. Calandra, of Newark, N. J., for appellant.

Richard J. Hughes and Charles M. Phillips, both of Trenton, N. J., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

PER CURIAM.

The judgment of the court below is affirmed.

**UNITED STATES of America ex rel. Benjamin F. KAUFMAN, Appellant, v. John E. SLOAN, U. S. Marshal, et al.**

No. 8087.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 6, 1942.

Decided Nov. 9, 1942.

Louis Lipschitz, of Philadelphia, Pa., for appellant.

George Mashank, of Pittsburgh, Pa., (Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., on the brief), for appellees.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

PER CURIAM.

The order of the court below is affirmed.

30 C.C.P.A.(Patents)

## In re C. W. MARKS SHOE CO.
### Patent Appeal No. 4622.

United States Court of Customs and Patent Appeals.

Oct. 26, 1942.

---

Joshua R. H. Potts, Eugene Vincent Clarke, and Basel H. Brune, all of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Marks denying appellant's application for the registration of an alleged trademark under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq.[1]

The mark in question consists of the words "Lady Chesterfield," and is used on shoes.

The tribunals of the Patent Office concurred in holding that appellant's mark consisted merely in the name of an individual, and that, as it was not written, printed, impressed, or woven in a distinctive manner, it was not registrable by virtue of the proviso contained in section 5(b) of the act in question, which reads: " * * * no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, * * * shall be registered under the terms of this Act [subdivision of this chapter]."

In his decision, the Commissioner of Patents stated:

The examiner refused registration on the ground that applicant's mark is the name of an individual not distinctively displayed.

Counsel points out that "Chesterfield" is not a surname in common use; and that in any event the word is not "merely" the name of an individual, because it also means a particular type of overcoat. Applicant's mark, however, is not "Chesterfield," but "Lady Chesterfield;" and it seems to me that the combination precludes any other significance than that

---

[1] This cause was originally decided by this court on the 29th day of June 1942. Thereafter, counsel for appellant filed a petition for rehearing. The rehearing was granted October 23, 1942, solely for the purpose of permitting the court to revise certain language in its original decision to which counsel for appellant directed the court's attention.